**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Guadalupe Ayala**, <br><br> Plaintiff, <br><br> vs. <br><br> **Pineapple Express Delivery LLC**, an Arizona limited liability company, and **Pedro Flores and Jane Doe Flores**, a married couple, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Guadalupe Ayala ("Plaintiff"), sues the Defendants, Pineapple Express Delivery LLC and Pedro Flores and Jane Doe Flores, ("Defendants") and alleges as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona

Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.     Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.     Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.     Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

-2-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.     At all material times, Defendant Pineapple Express Delivery LLC was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Pineapple Express Delivery LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.     At all relevant times, Defendant Pineapple Express Delivery LLC owned and operated as "Pineapple Express Deliver," a delivery service company that contracts with DHL to deliver packages to DHL's customers.

14.     Under the FLSA, Defendant Pineapple Express Delivery LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Pineapple Express Delivery LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Pineapple Express Delivery LLC is subject to liability under the FLSA.

15.     Defendants Pedro Flores and Jane Doe Flores are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Pedro Flores and Jane Doe Flores are owners of Pineapple Express Delivery LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16.     Under the FLSA, Defendants Pedro Flores and Jane Doe Flores are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Pedro Flores and Jane Doe Flores had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Pedro Flores and Jane Doe Flores are subject to individual liability under the FLSA.

17.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18.     Defendants, and each of them, are sued in both their individual and corporate capacities.

19.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

28.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

29.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

30.     Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

31.     Defendants own and/or operate as Pineapple Express Delivery LLC, an enterprise located in Maricopa County, Arizona.

32.     Pineapple Express Delivery LLC is an enterprise that is a delivery service company that contracts with DHL to deliver packages to DHL's customers in Arizona.

33.     In April 2021, Plaintiff began employment with Defendants as a delivery driver, delivering packages for Defendants.

34.     Plaintiff worked for Defendants until approximately April 29, 2022.

35.     During Plaintiff's employment with Defendants, Plaintiff typically worked approximately 66 hours per week.

36.     Specifically, Plaintiff worked from approximately 3:30 a.m. until 2:30 p.m., Monday through Saturday.

37.     Plaintiff was initially compensated a weekly rate of $750.00, and ultimately ended his employment earning a weekly rate of $800.00.

38.     During his final week of work, Plaintiff worked 66 hours for Defendants.

39.     Defendants failed to compensate Plaintiff any wages whatsoever for his final week of work for Defendants.

40.     As a result of these failing to pay Plaintiff any wages whatsoever for his final week of work, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in his final workweek.

41.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

42.     As a result of Defendants' willful failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

43.     As a result of Defendants' willful failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

44.     Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

45.     At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rates of pay for time spent working in excess of 40 hours in a given workweek.

46.     During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

47.     Plaintiff was not a manager in his work for Defendants.

48.     Plaintiff did not have supervisory authority over any employees in his work for Defendants.

49.     Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

50.     Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

51.     Plaintiff did not direct the work of two or more employees in his work for Defendants.

52.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

53.     Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

54.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

55.    At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

56.    Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

57.    Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

58.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper minimum wage or overtime rate would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

59.    During his final workweek of employment, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked in violation of the Arizona minimum wage act.

60.    As a result, Defendants have violated the AMWA, A.R.S. § 23-362, et seq.

61.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper minimum wage rate would violate state law, and Defendants were aware of the AMWA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the AMWA.

62.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

63.    Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

64.    At all relevant times, Plaintiff was a non-exempt employee.

65.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

66.    Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

67.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

68.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

69.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

70.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**FAILURE TO PAY OVERTIME**

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

73.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

74.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

75.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

76.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

77.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

78.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

79.     Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Guadalupe Ayala, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

   i.     Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper minimum wages;

   ii.    Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B.     For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**

**FAILURE TO PAY MINIMUM WAGE**

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     As a result of failing to compensate Plaintiff any wages whatsoever for his final week of work for Defendants, Defendants willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

82.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

83.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Guadalupe Ayala, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.     Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

84.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.   As a result of failing to compensate Plaintiff any wages whatsoever for his final week of work for Defendants, Defendant willfully failed or refused to pay Plaintiff the Arizona minimum wage.

86.   Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

87.   Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Guadalupe Ayala, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendant committed one of more of the following acts:

    i.   Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.   Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.   For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

## COUNT FOUR: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

88.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.   As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

90.   Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

91.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

92.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendants were aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

93.     Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Guadalupe Ayala, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.      For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.      For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.      Such other relief as this Court deems just and proper.

-16-

1

## **JURY TRIAL DEMAND**

2      Plaintiff hereby demands a trial by jury on all issues so triable.

3
       RESPECTFULLY SUBMITTED this 7th day of October 2022.
4

5                                           BENDAU & BENDAU PLLC

6
                                            By: /s/ *Christopher J. Bendau*
7                                           Christopher J. Bendau
                                            Clifford P. Bendau, II
8                                           *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27